**\*E-FILED 7/13/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOMER T. MCCRARY,<br><br>    Plaintiff,<br>  v.<br><br>CARLOS M. GUTIERREZ, et al,<br><br>    Defendants, | Case No. 06-04174 JW (RS)<br><br>**ORDER RE MOTION TO COMPEL AND TO COMPLETE THE ADMINISTRATIVE RECORD** |

## I. INTRODUCTION

Before the Court is plaintiff's motion to complete the administrative record and to compel production of documents. Based on the parties' briefing, the arguments of counsel, and the record herein, the motion will be denied, as explained below.

## II. BACKGROUND

Plaintiff in this action is Homer T. McCrary. Defendants are the National Marine Fisheries Service ("NMFS"), Carlos Gutierrez, in his official capacity as United States Secretary of Commerce, and Russ M. Strauch, in his official capacity as Assistant Regional Administrator of the Protected Resources Division of the Southwest Region (collectively "NMFS").

On or about November 6, 2003 McCrary petitioned NMFS for reconsideration of the Endangered Species Act ("ESA") listing of coho salmon in California. Specifically, McCrary seeks delisting of the coho salmon population south of San Francisco. In support of his petition, McCrary

1

introduced evidence intended to establish that coho salmon are not historically native to the region south of San Francisco. On March 23, 2006, NMFS issued its administrative finding that McCrary's petition did not present "substantial scientific or commercial information indicating that the petitioned action may be warranted," and accordingly denied it. In this action McCrary challenges NMFS' administrative finding as being "arbitrary, capricious, and contrary to law" under the Administrative Procedure Act ("APA").

## III. LEGAL STANDARDS

McCrary challenges NMFS' administrative finding under the Endangered Species Act. Judicial review of agency decisions under the ESA is governed by the APA. *Watersheds Project v. Matejko*, 456 F.3d 922, 930 (9th Cir. 2006). Section 706 of the APA provides that "[i]n making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. While the "whole record" cited in § 706 was once broadly interpreted to require examination of "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), the Ninth Circuit has since narrowed its reading to require only "all documents and materials directly or indirectly considered by agency decision-makers [including] evidence contrary to the agency's position." *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (citations omitted).

In reviewing an agency decision, the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, based on the administrative record that the agency compiles and submits to the court. *See Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). An agency's designation and certification of the administrative record is treated like other established administrative procedures, and thus entitled to a presumption of administrative regularity. *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993), citing *Wilson v. Hodel*, 758 F.2d 1369, 1374 (10th Cir.1985). Accordingly, "[i]n the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties." *Citizens to Preserve Overton Park*, 401

1  U.S. 415, quoting *United States v. Chemical Foundation*, 272 U.S. 1, 14-15 (1926).

2  Because a court's review of an agency decision is limited to the administrative record, discovery is generally not permitted in APA cases. *Common Sense Salmon Recovery v. Evans*, 217 F.Supp.2d 17, 20 (D.D.C. 2002). Judicial review may be expanded and discovery allowed, however, in very limited circumstances: 1) "if necessary to determine whether the agency has considered all relevant factors and has explained its decision;" 2) "when the agency has relied on documents not in the record;" 3) "when supplementing the record is necessary to explain technical terms or complex subject matter;" or 4) "when plaintiffs make a showing of agency bad faith." *Southwest Center for Biological Diversity v. United States Forest Service*, 100 F.3d 1443, 1450 (9th Cir. 1996) (citations omitted).

## IV.  DISCUSSION

McCrary asserts that the administrative record presented by NMFS is inadequate, and seeks to complete the record by compelling NMFS to add to it: 1) emails between NMFS official Craig Wingert and representatives of McCrary; 2) communications between NMFS and outside authorities; and 3) genetic data. As to the latter two categories, McCrary also moves to compel NMFS to produce such documents in the first instance. NMFS is an administrative agency, and its compilation and subsequent certification of the record is therefore entitled to a presumption of regularity. As such, its designation and certification of the administrative record is deemed sufficient to show that the record is complete, unless McCrary brings forth clear evidence to the contrary under any of the four judicially-recognized exceptions set out above.

### A.  Documents Relating to Peer Review

#### 1.  Email Communications

McCrary has cited a number of email communications between his representatives and Craig Wingert, a NMFS employee who was involved in processing McCrary's petition. In one such email

3

1  sent by Wingert on March 17, 2005[1], he states his understanding that NMFS' draft finding for
2  McCrary's petition was to be transmitted to NMFS' La Jolla lab for "formal review and clearance"
3  in accordance with the "the normal chain of review" before the draft would be returned to Wingert
4  and his NMFS colleagues at the Santa Cruz Laboratory.  In another email sent by Wingert on
5  October 5, 2005, he expresses his intent to seek "external peer review" before making a decision on
6  whether or not to grant McCrary's petition.  NMFS has since stated that no such formal or external
7  peer reviews were ever conducted.  In response, McCrary asserts that the peer review likely occurred
8  and is being concealed, or in the alternative, that NMFS is concealing a significant portion of the
9  decisionmaking process from the Court.

10  In rebuttal to McCrary's accusations, NMFS has provided Wingert's sworn declaration of
11  May 8, 2007, wherein he explains that no formal or external peer reviews were ever conducted, that
12  any references to such activities were based on his own misunderstandings, and that no such reviews
13  appeared to be mandated by NMFS policy.  Considering this information in light of the presumption
14  of regularity enjoyed by NMFS, the Court finds no basis for McCrary's insistence that NMFS is
15  concealing unfavorable reviews, or circumventing NMFS policy.  Accordingly, McCrary's request
16  to augment the administrative record with Wingert's emails is denied.

17  2. Communications With Outside Authorities

18  McCrary has propounded three document requests in order to investigate the alleged
19  concealment of the peer review process discussed above.  The specific discovery requests in dispute
20  are Document Request Nos. 1, 7, and 8, each of which seeks communications between NMFS and
21  any individuals who may have been involved in the peer review of McCrary's petition.  McCrary
22  moves to augment the administrative record with these materials on the grounds that NMFS'
23  exclusion of the documents meets the exception triggered where an agency acts in bad faith.  In

---

[1] Section 1533(b)(3)(A) of the ESA provides that to the maximum extent practicable, the Secretary shall make a finding with respect to a petition to list or delist a species within 90 days of its receipt.  As mentioned above, McCrary submitted his petition to delist on or about November 6, 2003 and NMFS issued its administrative finding denying McCrary's petition in excess of 90 days, on March 23, 2006.  Accordingly, McCrary has repeatedly expressed his frustration with NMFS's failure to act within 90 days, and contends the delay was unlawful.  The statutory language, however, only requires the agency to make its findings within 90 days to the "maximum extent practicable."

4

1  order to invoke the bad faith exception, McCrary must make "a strong showing of bad faith or
2  improper behavior" by the agency. *Alabama-Tombigbee Rivers Coalition v. Kempthorne*, 477 F.3d
3  1250, 1262 (11th Cir. 2007) (quoting *Citizens to Preserve Overton Park*, 401 U.S. 402, 420 (1971)).
4  As discussed above, McCrary's speculative allegation that NMFS is concealing the peer
5  review process is insufficient in the face of Wingert's sworn declaration, and the presumption of
6  regularity enjoyed by the agency. By McCrary's own characterization of his arguments, the facts to
7  which he points at most "*may* even rise to the level of creating *some inference* of agency bad faith."
8  (Pl.'s Mot. at 5:13-14) (emphasis added). Accordingly, the allegations raised by McCrary do not
9  rise to a sufficiently strong showing of agency bad faith, and a response to requests 1, 7, and 8 will
10 not be compelled.[2]

B.  Genetic Data

With Document Request No. 3, McCrary seeks production of genetic data considered by NMFS in the course of reviewing McCrary's petition. McCrary contends the requested materials are necessary: 1) to determine whether NMFS considered all relevant factors and explained its decision, and; 2) to explain technical terms and subject matter. The Court will address the specific requests in dispute:

Document Request No. 3(a)

This request seeks all data or documents supporting NMFS' claim that in some instances, "alleles[3] in these southern populations do not appear to be present in any other population in the Central California ESU." McCrary contends this assertion is consistent with the premise of his petition - that coho salmon south of San Francisco are not native to the region, and thus not worthy

---

[2] While no further response to McCrary's requests is necessary, the question remains as to whether Wingert's declaration should be added to the administrative record. While NMFS may voluntarily add the declaration to the administrative record, as it has previously done with respect to certain emails and record corrections, it is unclear whether NMFS intends to do so here. However, Wingert's declaration explains the circumstances surrounding his March 17, 2005 and October 5, 2005 emails, which the Court has declined to add to the record. As such, adding Wingert's declaration while excluding his prior emails seems both unnecessary and likely to cause confusion. Accordingly, Wingert's declaration need not be added to the record.

[3] Alleles are one of several forms of a gene that are responsible for hereditary variation.

of protection under the ESA. McCrary argues this shows that NMFS may not have adequately considered all relevant factors when reviewing his petition. NMFS responds that it has provided all potentially responsive documents by way of the administrative record, and in response to McCrary's FOIA requests. McCrary has failed to make an adequate showing to the contrary. Accordingly, no further response to this request is required.

Document Request No. 3(b) and 3(c)

These requests seek the "Gilbert-Horvath, L. unpublished data" and "all genetic data assembled by the NMFS SWFSC Santa Cruz Laboratory concerning the genetics of coho salmon." Although NMFS initially objected to these requests as overbroad, NMFS has since produced the documents it contends are responsive. Accordingly, no further response to this request will be required.

## V.  CONCLUSION

McCrary's motions to compel and to complete the administrative record are denied.

IT IS SO ORDERED.

Dated: July 13, 2007

/s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

James L. Buchal    counsel@buchal.com, ccaldwell@mbllp.com

Andrea M. Miller    AMiller@NMLawFirm.com

Robert Pendleton Williams    robert.p.williams@usdoj.gov, wanda.davis@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 7/13/07**                                    **Chambers of Judge Richard Seeborg**

                                                      **By:**       **/s/ BAK**

**United States District Court**
For the Northern District of California

7